# ORIGINAL

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
OCT 27 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
OCT 27 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., a minor, by and through his parents, MICHAEL REILLY and N. JANE DUBOVY; MICHAEL REILLY; and N. JANE DUBOVY, on their own behalf and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BOY SCOUTS OF AMERICA TROOP 223, an unknown business entity; WESTERN LOS ANGELES COUNTY COUNCIL OF BOY SCOUTS OF AMERICA, a California non-profit corporation; and DOES 1 THROUGH 10,<br><br>Defendants. | NO. CV 06-5171 SJO (AJWx)<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)** |

The present action is an action under the Americans with Disabilities Act ("ADA"), regarding an autistic adolescent. Boy Scouts of America Troop 223 and Western Los Angeles County Council of Boy Scouts of America ("Defendants") are alleged to have informed the parents of the child that due to the adolescent's uncontrolled and violent behavior, that at least one parent must accompany the autistic adolescent on certain outings. (Mot. at 2-5.) The parents declined to do

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

19

so, as stated at oral argument, because the father was seriously ill. Having missed a particular outing, the minor became ineligible to progress to the next level of Boy Scouting. (Opp'n at 3.)[1]

The parents brought suit on their own behalf, on behalf of the minor, and on behalf of the general public ("Plaintiffs") under the ADA. Defendants moved to dismiss on the basis that the ADA does not cover the Boy Scouts. Plaintiffs filed an Opposition, which in spite of its lateness the Court fully considered.

Defendants argue that private membership organizations are not covered by the public accommodations provisions in the ADA, and that the Boy Scouts are a private membership organization. As the ADA claim is the sole federal claim in this case, the remaining state claims fall if Defendants are correct.

Defendants point to numerous cases supporting their position. In particular, *Welsh v. Boy Scouts of America*, 993 F.2d 1267, 1272-77 (7th Cir. 1993) held that the Boy Scouts were not a place of public accommodation under Title II. *Welsh* further held that the Boy Scouts were a private club. The Ninth Circuit subsequently adopted the rule of *Welsh*. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994). *Clegg* stated that organizations only fall under the purview of Title II "when entry into a facility open to the public is dependant on membership in the organization governing the facility," giving the example of a corporation chartered to operate a community swimming pool or the example of a YMCA. *Id*. Although *Welsh* and *Clegg* addressed Title II specifically, the definition of private club in the ADA incorporates the definition of private club under Title II. 42 U.S.C. § 12187.

Plaintiffs argue that the cases relied upon by Defendants are inapplicable, claiming for instance that *Welsh* concerned the national Boy Scout organization rather than the particular Boy Scout organizations defending in this case. (Opp'n at 4-5.) However, such a conclusory attempt at distinguishing thoroughly reasoned binding precedent is insufficient.

---

[1] Aside from the Opposition being nearly two weeks late, it lacked page numbers. The Court has numbered the pages consecutively after the caption page.

Plaintiffs also argue that the Defendants are covered under the ADA because they operate Camp Emerald Bay, and Camp Emerald Bay is a place of public accommodation under 42 U.S.C. § 12181(7), namely a "place of lodging," a "place of public gathering," or a "place of exercise or recreation." The first two contentions can be rejected by the maxim *ejusdem generis*. All the places of lodging specifically listed in 42 U.S.C. § 12181(7)(A) are some kind of edifice: "an inn, hotel, or motel." Such might include a bed and breakfast, if the bed and breakfast had at least six rooms for rent or hire, but this does not include an outdoor area in which one can go camping for a week. (Mot. at 3.) Similarly, the specifically listed places of public gathering are edifices as well: "an auditorium, convention center, lecture hall, or other place of public gathering."

There is some plausibility to the claim that Camp Emerald Bay is a "place of exercise or recreation." However, it is irrelevant whether Camp Emerald Bay is one, because 42 U.S.C. § 12187 is an *exemption* for private clubs, which the Seventh and Ninth Circuits have held that the Boy Scouts are. The Boy Scouts do not cease to be a private membership club merely because they happen to operate a camp site for their private use. The Boy Scouts are foremost an organization whose purpose is "to equip youth of all races, colors, and creeds to fulfill their duty to God, to mature personally, and to help others." *Welsh*, 993 F.2d at 1277.

Even if the Boy Scouts were not a private membership club, it is not Defendant Troop 223 which operates Camp Emerald Bay, but Defendant Western Council. (Western Los Angeles County Council, *WLACC Camping*, http://www.bsa-la.org/camping/camping.html, *last visited* Oct. 23, 2006.) For this additional reason, the ADA claim cannot be sustained against Defendant Troop 223 on the basis that Camp Emerald Bay amounts to a public accommodation.

Plaintiffs lastly argue that because the Supreme Court held that the Professional Golfer's Association ("PGA") was held to be a public accommodation under the ADA, the Boy Scouts should be also. However, the key difference is that the PGA is an open organization, allowing any member of the public to play in the tournament, and the games are played on courses which are themselves public accommodations. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 680 (2001) (noting the only substantive restriction to playing in the PGA is that one be a good golfer). By contrast, the Boy Scouts are not open to the public. One cannot be a homosexual, *Boy Scouts of America*

3

1 | *v. Dale,* 530 U.S. 640 (2000), and one cannot be an atheist, *Welsh*. At oral argument, Plaintiffs
2 | pressed upon the fact that many more people are eligible to join the Boy Scouts than to play in
3 | the PGA. However, as stated in *Welsh,* it is not the number of members which determines
4 | whether the Boy Scouts and the PGA are public accommodations, and such an argument "ignores
5 | the purpose of the Scouts' existence and punishes the Boy Scouts for its success in recruiting
6 | future quality leaders of society." *Welsh,* 993 F.2d at 1277.

7 | With that difference in mind, the holding of *Welsh* and *Clegg* remains intact, and Plaintiffs'
8 | Complaint is DISMISSED.

9 | IT IS SO ORDERED.

11 | Dated this __26__ day of October, 2006.

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE