BARAK LURIE, SB #144887
LAW OFFICES OF BARAK LURIE
11355 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
(310) 312-5599
(310) 312-5008 Fax
barak@lurie-law.com

CHRISTOPHER H. KNAUF, SB #185180
KNAUF ASSOCIATES
11500 Olympic Blvd., Suite 400
Los Angeles, CA 90064
(310) 450-4678
(310) 622-7263 Fax
ck@goodlaw.biz

PAULA D. PEARLMAN, SB # 109038
SHAWNA PARKS, SB # 208301
DISABILITY RIGHTS LEGAL CENTER
919 S. Albany Street
Los Angeles, CA 90015
(213) 736-1031
(213) 736-1428 Fax
paula.pearlman@lls.edu
shawna.parks@lls.edu

Attorneys for Plaintiffs

Bill _____
Fees Pd _____
Frms Gvn _____
CAD _____
TDO _____
Ntc/Dkt Mld _____
FP Frms Gvn _____

FILED

2006 NOV 13  AM 10: 25

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. R., a minor, by and through his parents, MICHAEL REILLY and N JANE DUBOVY; MICHAEL REILLY; and N JANE DUBOVY, on their own behalf and on behalf of the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> BOY SCOUTS OF AMERICA TROOP 223, an unknown business entity; WESTERN LOS ANGELES COUNTY COUNCIL OF BOY SCOUTS OF AMERICA, a California nonprofit | Case No.: CV06-5171 SJO (AJWx) <br><br> NOTICE OF APPEAL |

DOCKETED ON CM

NOV 1 4 2006

BY _____ 173

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS  , POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE

DATED: _____ 11-14-06

DEPUTY CLERK

corporation; and DOES 1 through 10,

Defendants.

Notice is hereby given that all Plaintiffs in the above captioned action hereby appeal to the United States Court of Appeals for the Ninth Circuit from the order by the United States District Court granting Defendants' motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), entered by the Court on October 27, 2006.

Respectfully submitted,

LAW OFFICES OF BARAK LURIE

KNAUF ASSOCIATES

DISABILITY RIGHTS
LEGAL CENTER

Dated:    November 8, 2006

By: _____
Christopher H. Knauf
Attorneys for Plaintiffs

# ORIGINAL

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT

**OCT 2 7 2006**

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ENTERED
CLERK, U S. DISTRICT CO'JRT

OCT 2 7 2006

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.R., a minor, by and through his parents, MICHAEL REILLY and N. JANE DUBOVY; MICHAEL REILLY; and N. JANE DUBOVY, on their own behalf and on behalf of the general public, | NO. CV 06-5171 SJO (AJWx) |
| Plaintiffs, | **ORDER GRANTING MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)** |
| v. | |
| BOY SCOUTS OF AMERICA TROOP 223, an unknown business entity; WESTERN LOS ANGELES COUNTY COUNCIL OF BOY SCOUTS OF AMERICA, a California non-profit corporation; and DOES 1 THROUGH 10, | |
| Defendants. | |

The present action is an action under the Americans with Disabilities Act ("ADA"), regarding an autistic adolescent. Boy Scouts of America Troop 223 and Western Los Angeles County Council of Boy Scouts of America ("Defendants") are alleged to have informed the parents of the child that due to the adolescent's uncontrolled and violent behavior, that at least one parent must accompany the autistic adolescent on certain outings. (Mot. at 2-5.) The parents declined to do

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

19

1   so, as stated at oral argument, because the father was seriously ill. Having missed a particular

2   outing, the minor became ineligible to progress to the next level of Boy Scouting. (Opp'n at 3.)[1]

3        The parents brought suit on their own behalf, on behalf of the minor, and on behalf of the

4   general public ("Plaintiffs") under the ADA. Defendants moved to dismiss on the basis that the

5   ADA does not cover the Boy Scouts. Plaintiffs filed an Opposition, which in spite of its lateness

6   the Court fully considered.

7        Defendants argue that private membership organizations are not covered by the public

8   accommodations provisions in the ADA, and that the Boy Scouts are a private membership

9   organization. As the ADA claim is the sole federal claim in this case, the remaining state claims

10  fall if Defendants are correct.

11       Defendants point to numerous cases supporting their position. In particular, *Welsh v. Boy*

12  *Scouts of America*, 993 F.2d 1267, 1272-77 (7th Cir. 1993) held that the Boy Scouts were not a

13  place of public accommodation under Title II. *Welsh* further held that the Boy Scouts were a

14  private club. The Ninth Circuit subsequently adopted the rule of *Welsh*. *Clegg v. Cult Awareness*

15  *Network*, 18 F.3d 752, 755 (9th Cir. 1994). Clegg stated that organizations only fall under the

16  purview of Title II "when entry into a facility open to the public is dependant on membership in the

17  organization governing the facility," giving the example of a corporation chartered to operate a

18  community swimming pool or the example of a YMCA. *Id.* Although *Welsh* and *Clegg* addressed

19  Title II specifically, the definition of private club in the ADA incorporates the definition of private

20  club under Title II. 42 U.S.C. § 12187.

21       Plaintiffs argue that the cases relied upon by Defendants are inapplicable, claiming for

22  instance that *Welsh* concerned the national Boy Scout organization rather than the particular Boy

23  Scout organizations defending in this case. (Opp'n at 4-5.) However, such a conclusory attempt

24  at distinguishing thoroughly reasoned binding precedent is insufficient.

25

26

27

28  [1] Aside from the Opposition being nearly two weeks late, it lacked page numbers. The Court has numbered the pages consecutively after the caption page.

1    Plaintiffs also argue that the Defendants are covered under the ADA because they operate

2    Camp Emerald Bay, and Camp Emerald Bay is a place of public accommodation under 42 U.S.C.

3    § 12181(7), namely a "place of lodging," a "place of public gathering," or a "place of exercise or

4    recreation." The first two contentions can be rejected by the maxim *ejusdem generis*. All the

5    places of lodging specifically listed in 42 U.S.C. § 12181(7)(A) are some kind of edifice: "an inn,

6    hotel, or motel." Such might include a bed and breakfast, if the bed and breakfast had at least

7    six rooms for rent or hire, but this does not include an outdoor area in which one can go camping

8    for a week. (Mot. at 3.) Similarly, the specifically listed places of public gathering are edifices as

9    well: "an auditorium, convention center, lecture hall, or other place of public gathering."

10    There is some plausibility to the claim that Camp Emerald Bay is a "place of exercise or

11    recreation." However, it is irrelevant whether Camp Emerald Bay is one, because 42 U.S.C.

12    § 12187 is an *exemption* for private clubs, which the Seventh and Ninth Circuits have held that

13    the Boy Scouts are. The Boy Scouts do not cease to be a private membership club merely

14    because they happen to operate a camp site for their private use. The Boy Scouts are foremost

15    an organization whose purpose is "to equip youth of all races, colors, and creeds to fulfill their duty

16    to God, to mature personally, and to help others." *Welsh*, 993 F.2d at 1277.

17    Even if the Boy Scouts were not a private membership club, it is not Defendant Troop 223

18    which operates Camp Emerald Bay, but Defendant Western Council. (Western Los Angeles

19    County Council, *WLACC Camping*, http://www.bsa-la.org/camping/camping.html, *last visited*

20    Oct. 23, 2006.) For this additional reason, the ADA claim cannot be sustained against Defendant

21    Troop 223 on the basis that Camp Emerald Bay amounts to a public accommodation.

22    Plaintiffs lastly argue that because the Supreme Court held that the Professional Golfer's

23    Association ("PGA") was held to be a public accommodation under the ADA, the Boy Scouts

24    should be also. However, the key difference is that the PGA is an open organization, allowing any

25    member of the public to play in the tournament, and the games are played on courses which are

26    themselves public accommodations. *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 680 (2001) (noting

27    the only substantive restriction to playing in the PGA is that one be a good golfer). By contrast,

28    the Boy Scouts are not open to the public. One cannot be a homosexual, *Boy Scouts of America*

1  *v. Dale*, 530 U.S. 640 (2000), and one cannot be an atheist, *Welsh*. At oral argument, Plaintiffs

2  pressed upon the fact that many more people are eligible to join the Boy Scouts than to play in

3  the PGA.  However, as stated in *Welsh*, it is not the number of members which determines

4  whether the Boy Scouts and the PGA are public accommodations, and such an argument "ignores

5  the purpose of the Scouts' existence and punishes the Boy Scouts for its success in recruiting

6  future quality leaders of society." *Welsh*, 993 F.2d at 1277.

7          With that difference in mind, the holding of *Welsh* and *Clegg* remains intact, and Plaintiffs'

8  Complaint is DISMISSED.

9          IT IS SO ORDERED.

10

11  Dated this ___*2�辶*___ day of October, 2006.

12

13  _____

14                    S. JAMES OTERO
                UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4